DENTONS US LLP
Bonnie Lau (Bar No. 246188)
bonnie.lau@dentons.com
Kate E. Hart (Bar No. 275121)
kate.hart@dentons.com
Leah R. Bruno (*Pro Hac Vice Pending*)
leah.bruno@dentons.com
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: (415) 267-4000; Facsimile: (415) 267-4198

Attorneys for Plaintiff HARMLESS HARVEST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HARMLESS HARVEST, INC., a Delaware Corporation, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF BASED ON TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** |
| v. | |
| ALL MARKET INC. D/B/A VITA COCO, a Delaware Corporation, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff HARMLESS HARVEST, INC., a Delaware corporation ("HARMLESS"), by and through its undersigned Counsel, files its Complaint against Defendant ALL MARKET INC. D/B/A VITA COCO ("Defendant" or "VITA COCO"). In support of its Complaint, HARMLESS alleges as follows:

1.    In 2011, HARMLESS entered the emerging coconut water segment of the beverage industry. Intent on bringing a different product into an already crowded and increasingly popular market, HARMLESS sought to distinguish itself by launching a premium, artisanal, perishable, organic coconut water, ethically-sourced from small agroforestry systems. In order to illustrate to consumers that its product was something new, something different, HARMLESS coconut water

Case No.                                                                                                      COMPLAINT

was distributed in a unique and distinctive packaging, one that could be distinguished easily from those that could already be found on the shelves. HARMLESS' strategy worked. In the five years that have passed, HARMLESS has become synonymous with high-quality coconut water, innovation and a business model that centers on the welfare of all people in the supply chain. Defendant VITA COCO, the market leader and standard-bearer of mainstream coconut water, has recently decided to challenge HARMLESS in the high-end artisanal, organic segment of the industry. But rather than launching a product that consumers would associate with VITA COCO, it chose to enter the market with a confusingly similar package. Defendant's "Coco Community" coconut water is distributed in a bottle that mimics HARMLESS' packaging and trade dress, yet conspicuously lacks any clear identification of VITA COCO as its source. HARMLESS' lawsuit is about this packaging and Defendant's intentional decision to use this packaging to confuse consumers.

2. This is a civil action concerning Defendant's trade dress infringement and unfair competition under the Lanham Act and under California statutory and common law.

**PARTIES**

3. Plaintiff HARMLESS is a Delaware corporation with its principal place of business and headquarters in San Francisco, California.

4. HARMLESS produces and distributes artisanal organic coconut water under the brand name "HARMLESS HARVEST." HARMLESS HARVEST brand coconut water is sold throughout the United States.

5. Defendant ALL MARKET INC. D/B/A VITA COCO, upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, with its registered address and principal place of business at 38 West 21st St., New York, New York 10010.

6. VITA COCO is a producer and distributor of coconut water doing business in the United States. Recently, Defendant began producing and distributing a purportedly artisanal organic coconut water under the brand "Coco Community."

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Case No.                                                                    COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

**JURISDICTION AND VENUE**

7.    This Court may exercise jurisdiction over Defendant because Defendant regularly transacts business in California, and the causes of action alleged herein arose in whole or in part in California.

8.    This Complaint alleges claims under the Lanham Act, making jurisdiction proper in this Court pursuant to Title 28 U.S.C. §§ 1331, 1338, and 1367.  The Complaint also alleges state law claims under California law that are so related to the federal question claim under the Lanham Act that they form part of the same case and controversy, thereby making the exercise of supplemental jurisdiction under Title 28 U.S.C. § 1367 appropriate and a service of judicial economy, convenience, and fairness to the parties.

9.    HARMLESS markets and sells its HARMLESS HARVEST coconut water in and from the State of California.

10.    Upon information and belief, Defendant promotes, markets, distributes, and sells its products, including Coco Community coconut water, in the State of California.

11.    Venue is proper in this district pursuant to Title 28 U.S.C. § 1391(b) because Defendant conducts substantial business in this judicial district.

12.    Venue is also properly laid in this judicial district pursuant to Title 28 U.S.C. § 1391(b) on the ground that the infringing acts alleged herein arose, in whole or in part, within this judicial district.  Defendant advertises goods bearing the infringing trade dress and, upon information and belief, has made sales in this judicial district.

**BACKGROUND**

**The Emergence of Coconut Water as an Industry**

13.    Coconut water is the clear liquid contained in young coconuts.  Well known for its nutritional benefits, coconut water is a hydrating beverage high in electrolytes and distinctive and delicious in taste.

14.    Coconut water has long been a popular drink in tropical countries where it is available fresh, canned, or bottled.  In recent years, the popularity of coconut water has grown exponentially

Case No.                                                                                                    COMPLAINT

and the coconut water industry has exploded into one of the fastest growing beverage categories in the United States.

15.    Numerous brands of coconut water now line the shelves of not only specialty food stores but also major retail chains.  Indeed, published articles report that coconut water has grown to a $1.2 billion industry.

**The Harmless Harvest Story and Brand**

16.    HARMLESS was founded in 2009 by two like-minded entrepreneurs who stepped away from their corporate lives to dedicate themselves to the development and creation of a new product that would not only have a positive impact on both consumers and the community from which the product was originally sourced, but would also have the least possible impact on the planet.

17.    HARMLESS HARVEST coconut water was developed with these core philosophies.

18.    After years of research and development, HARMLESS launched the world's first raw and organic coconut water ethically sourced from small agroforestry systems.

19.    HARMLESS pioneered the production of never thermally pasteurized, high-pressure processed coconut water.  This processing methodology was a departure from the means used by the vast majority of coconut water producers in the category.  Utilizing this process, HARMLESS was able to produce and bring to market a delicious and artisanal organic product.

20.    In an unprecedented effort to invest in the rural community at the source of its coconut water, as well as increase traceability and transparency, less than two years after launching, HARMLESS built a facility in the heart of where its coconuts are grown.  Creating over 200 employment positions for local community members, this facility allows for HARMLESS to have better knowledge and control over how its products are made and how its employees are treated.

21.    Through its thoughtful planning and investment HARMLESS succeeded in obtaining the prestigious and exclusive Fair for Life - Social & Fair Trade Certification in 2014.  "Fair for Life" is an independent certification that combines strict standards for social accountability and fair trade for socially responsible companies.  Fair for Life certification ensures that HARMLESS is

-3-

committed to paying fair prices for goods as well as paying fair wages to its employees and supporting the well-being of the local communities that supply its product chain.

22.    HARMLESS HARVEST coconut water was the first coconut water certified Fair for Life in the United States.

23.    Recently, HARMLESS also launched a groundbreaking new proprietary multi-step microfiltration process which allows HARMLESS to significantly reduce the plastic used in its bottles – making the new packaging more eco-friendly than most other products in the market place.

24.    As a result of these intensive and focused development efforts, HARMLESS has built loyalty and goodwill among consumers.  The commitment of HARMLESS' customers to the brand shows that consumers care about what is inside the bottle they purchase and how it is made.

25.    In order to differentiate itself from competitors in the market and allow customers to instantly recognize HARMLESS HARVEST coconut water, HARMLESS deliberately chose a unique and inherently distinctive packaging for its incomparable products.

26.    Consumers identify HARMLESS HARVEST Fair for Life, ethically sourced artisanal coconut water by its unique and proprietary packaging.  Since its inception, HARMLESS HARVEST coconut water packaging has been sold in a bottle designed with a clear top portion and an opaque body portion.  The product label sleeve is white and dominated by a bold, graphically clean illustration of a coconut with just its top cut off cupped by hands; and a cap color that matches the color of the coconut illustration.  HARMLESS uses a bold, all caps 'friendly' font to identify it as the source of the product on the front of the label.  (Figure 1 depicts HARMLESS HARVEST coconut water product packaging when it was initially introduced to the market in 2011.)



(Figure 1.)

-4-

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

27.    In the case of HARMLESS HARVEST non-flavored coconut water, HARMLESS' longest and best-selling product, the cap color and coconut design are both a distinctive shade of bright green.  The combination of the simple illustration graphic, matching cap color contrasting a white label clearly distinguishes HARMLESS' products from those of other producers on shelves.

28.    HARMLESS has retained these distinctive features as the prominent design elements of its HARMLESS HARVEST coconut water packaging even when it decided to make other changes to its bottle.  (Figures 2 and 3 below depict the two subsequent versions of the HARMLESS HARVEST coconut water packaging.)



(Figure 2.)



(Figure 3.)

29.    This unique packaging constitutes HARMLESS HARVEST's distinctive trade dress (the "HARMLESS Trade Dress"), an important and valuable asset of HARMLESS, and a source-identifier for HARMLESS HARVEST coconut water.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-5-

30. The HARMLESS Trade Dress has been used in interstate commerce to identify and distinguish HARMLESS' products since at least 2011, and serves as a symbol of HARMLESS' quality, reputation, and goodwill.

31. HARMLESS' Trade Dress is distinctive, original, and nonfunctional and, has constituted valuable and protectable trade dress of HARMLESS since a time prior, and at all material times, to the acts of Defendant complained of herein.  Even if HARMLESS' Trade Dress is not inherently distinctive, it has acquired secondary meaning within the coconut water beverage market in which Defendant sells its wares.

32. HARMLESS makes use of HARMLESS Trade Dress in interstate commerce by displaying it on product packaging, signage, various promotional materials, public relations and community outreach (including sponsorship of events and causes), as well as various channels of advertising including its extensive social media presence and website.

33. HARMLESS has invested substantial time and money developing, using, and otherwise promoting the HARMLESS Trade Dress in the United States in an effort to create a strong association between HARMLESS' fair-trade, organic products and services, goodwill, and brand.

34. As a result of the conscious strategy employed by HARMLESS in the conduct of its business, and the high quality and sustainable nature of HARMLESS' products and services offered under its Trade Dress, the HARMLESS Trade Dress has acquired secondary meaning throughout the United States including California.

35. HARMLESS HARVEST coconut water's explosive success in the coconut water and health beverage market is due in significant part to its unique and distinctive Trade Dress that allows consumers to associate its product with HARMLESS, and the market's association of HARMLESS Trade Dress with HARMLESS' high quality product and its unmatched dedication to the environment and community.

36. In the mere five years since HARMLESS began selling its category re-defining artisanal organic coconut water, HARMLESS has successfully grown to become a leader within the category.

Case No.                                                                                                                           COMPLAINT

37. Over the course of those years, at times HARMLESS has expanded its coconut water offerings into seasonal-flavored coconut waters like cinnamon clove, as well as its recent coffee coconut water. With this product expansion, HARMLESS has continued its community and environmentally-focused business model.

38. Today, HARMLESS' distributors include such well-known retailers as Costco, Publix, Safeway, Whole Foods, Kroger, and Target. Each of these retailers sell HARMLESS HARVEST coconut water in various locations throughout the country.

39. To complement its recognition as an innovator and fair-trade and sustainability leader, HARMLESS cultivates a strong social media presence through which it regularly interacts with customers and regularly sponsors events like marathons, Earth Day, and music and wellness festivals.

40. At the center of its social media and community identity is the promotion of HARMLESS' unique and distinctive packaging of HARMLESS HARVEST coconut water.

41. For example, HARMLESS hosts an annual hydration effort in San Francisco, under the Twitter hashtag #HarmlessMovementSF, promoted by HARMLESS' Facebook and Instagram pages, and encourages followers to post photos of themselves with HARMLESS products including products utilizing the HARMLESS Trade Dress, in the midst of activities and in locations throughout the country.



(Figure 4.)

-7-

Case No.                                                                 COMPLAINT

42.    HARMLESS also maintains a website located at http://www.harmlessharvest.com, where it extensively displays and promotes HARMLESS HARVEST coconut water and the HARMLESS Trade Dress.

**Defendant Launches Its Infringing Product**

43.    All Market Inc.-owned VITA COCO was founded in 2004.  Since entering the coconut water market, VITA COCO has become a market leader in the category, successfully marketing and selling its line of coconut water products to consumers throughout the country. Today, VITA COCO is credited as the United States' largest seller of coconut water.  According to industry reports, VITA COCO's sales have grown to over $400 million in 2015.

44.    Since its inception, VITA COCO coconut water has been marketed in Tetra Pak packaging, which Defendant describes to its customers as "a BPA-free, eco- and socially-responsible form of package made from wood fiber, a sustainable resource."  As depicted below, all of the VITA COCO packaging prominently displays "VITA COCO" as the source in the front middle of the package.  (Figure 5 below depicts examples of VITA COCO coconut water packaging.)  VITA COCO packaging is colorful and incorporates multiple graphics in its branding.



(Figure 5.)

45.    Apparently seeking to capitalize on HARMLESS' incredible success as a premium coconut water, Defendant has recently launched a new coconut water product – an "artisanal" organic coconut water product.  VITA COCO markets its new coconut water under an entirely different "Coco Community" brand.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-8-

46.    With its new offering, Defendant has abandoned its signature packaging and branding that it has used for over a decade in favor of adopting something dramatically different.  Defendant's new Coco Community coconut water packaging (as depicted in Figure 6 below) is nearly identical to the HARMLESS Trade Dress.



(Figure 6.)

47.    In a complete departure from the colorful Tetra Pak packaging, Defendant's new Coco Community coconut water is sold in plastic bottles.  In addition, the Coco Community packaging does not even clearly identify VITA COCO as the source – a complete departure from Defendant's previous coconut water packaging (shown in Figure 5above) which conspicuously identifies "VITA COCO" front and center.

48.    Like the HARMLESS Trade Dress, the packaging of the Coco Community coconut water (Figure 6) also includes the unusual elements of having a clear top portion and an opaque body portion, a large, all caps 'friendly' font, and semi full-sleeve white label depicting a nearly identical coconut illustration with its top cut off with a matching bright green colored bottle cap (the "Infringing Trade Dress").

49.    Defendant, upon information and belief, has recently begun distributing its Coco Community coconut water to several of the same stores as HARMLESS HARVEST coconut water, including Whole Foods, Safeway, Target, and other grocery store chains.   Upon information and belief, Coco Community has begun to be sold in "test markets" in different locations in the country, and Defendant intends to expand its sale and distribution nationwide.

-9-

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

50. Upon information and belief, prior to the appearance of Defendant's Coco Community coconut water on the market, HARMLESS HARVEST coconut water was the only coconut water featuring a trade dress that combined the unique and distinctive elements of the HARMLESS Trade Dress.

51. Upon information and belief, given the strikingly similar appearance of the product packaging, Defendant's Infringing Trade Dress has likely already caused confusion, and will continue to cause confusion, with the HARMLESS Trade Dress. Indeed, a side-by-side comparison of the packaging for HARMLESS HARVEST coconut water and Coco Community (Figure 7) illustrates the many non-functional, distinguishing, attributes the bottles of the two companies share.

 

(Figure 7.)

52. The overall appearance of the Coco Community coconut water packaging is nearly identical to the overall appearance of the HARMLESS HARVEST coconut water packaging and the HARMLESS Trade Dress.

53. Defendant's Coco Community coconut water is also being promoted to consumers as being produced from a similar source to HARMLESS HARVEST coconut water (Nam Hom coconuts of Thailand) and is being sold at approximate same prices. Defendant is also marketing Coco Community with a label stating it is a "Grower-Owned Initiative" and telling consumers that its product is a local community-focused, coconut water.

54. Upon information and belief, Defendant deliberately chose to copy the HARMLESS Trade Dress in an effort to trade on the goodwill, reputation, and success of HARMLESS

-10-

HARVEST coconut water.  As the challenger brand to HARMLESS' premium product, Defendant is intentionally attempting to confuse consumers with its Infringing Trade Dress and promotional efforts.

55.     Upon information and belief, Defendant's decision to offer Coco Community coconut water in strikingly similar trade dress packaging to the HARMLESS Trade Dress is unrelated to any potentially alleged functional aspect of the trade dress.  This is demonstrated by the fact that, prior to Defendant's newest venture into the top-tier of the coconut water market via Coco Community, all its coconut water packaging was completely different then the HARMLESS Trade Dress.

56.     For example, Defendant's long-used Tetra Pak packaging with the conspicuous source-identifier "VITA COCO" is far less likely to cause customer confusion.  (*See* Figure 5.)

57.     Indeed, further demonstrating the non-functionality of the HARMLESS Trade Dress, Defendant has continued to produce and distribute its mainstream VITA COCO coconut water product in packaging that is easily distinguishable from HARMLESS HARVEST coconut water.  It has chosen only to mimic HARMLESS HARVEST Trade Dress with the packaging of its new Coco Community offering.

58.     Defendant's adoption of an entirely new look for Coco Community demonstrates VITA COCO's hope to maintain an image of Coco Community as an entity distinct from VITA COCO, and therefore more likely to cause confusion with HARMLESS, in order to confuse and deceive the market as to the source of Coco Community coconut water.

59.     Defendant has no authority from HARMLESS, directly or indirectly, to utilize the HARMLESS Trade Dress or to license others to do so.

60.     Defendant is engaging in the above- infringing activities knowing and intentionally for the purpose of trading on the well-established goodwill and reputation of HARMLESS.

61.     For the reasons set forth above, Defendant's activities, *inter alia*, infringe the HARMLESS Trade Dress, which results in irreparable harm to HARMLESS.

62.     HARMLESS therefore files this proceeding to protect its rights to its unique and distinctive HARMLESS Trade Dress, to avoid further customer confusion, and to prevent irreparable harm to its brand and its business.

-11-

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADE DRESS INFRINGEMENT, TITLE 15 U.S.C. § 1125(a)

63.     HARMLESS incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

64.     HARMLESS has established trade dress rights in the HARMLESS Trade Dress.

65.     The HARMLESS Trade Dress is not functional and was chosen to serve as an easy source-identifier and to differentiate HARMLESS HARVEST coconut water from other coconut water products on the market.

66.     The HARMLESS Trade Dress is inherently distinctive, because its unique features naturally serve to identify HARMLESS as the source of the product to consumers.

67.     Even if the HARMLESS Trade Dress is not inherently distinctive, it has acquired secondary meaning through HARMLESS' extensive promotional, advertising, marketing (including through social media), sales, and exclusive use of the HARMLESS Trade Dress.

68.     Defendant has used in commerce the Infringing Trade Dress, which is nearly identical or confusingly similar to the HARMLESS Trade Dress, in connection with the sale, offering for sale, distribution, or advertising of its coconut water products under the name Coco Community.

69.     As described above, the Infringing Trade Dress shares numerous virtually identical elements of the HARMLESS Trade Dress.

70.     Defendant knew or had reason to know of  HARMLESS' distinctive trade dress, and deliberately copied the HARMLESS Trade Dress for Defendant's commercial advantage, in order to impermissibly benefit from HARMLESS' goodwill, reputation, and success.

71.     Defendant's imitating and infringing use of identical and substantially similar designs and placement to the HARMLESS Trade Dress creates a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendant's goods relative to HARMLESS' goods.

72.     As a result of Defendant's Infringing Trade Dress, consumers (including distributors, buyers, and customers) are likely to be and, unless Defendant is restrained, will be, confused about

Case No.                                                                                                           COMPLAINT

the origin of Coco Community coconut water and about the relationship between Defendant and HARMLESS.

73.    HARMLESS is being, and will continue to be, damaged by Defendant's acts of infringement in an amount to be determined at trial.

74.    Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

75.    By copying, imitating and infringing HARMLESS' protected HARMLESS Trade Dress in its Infringing Trade Dress, Defendant is engaged in trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

76.    By reason of Defendant's unlawful actions, HARMLESS suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of its Trade Dress for which there is no adequate remedy at law.  Accordingly, HARMLESS is entitled to an injunction against Defendant, pursuant to 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF
### FEDERAL UNFAIR COMPETITION, TITLE 15 U.S.C. § 1125(a)

77.    HARMLESS incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

78.    HARMLESS has common law rights to the HARMLESS Trade Dress, which is uniquely associated with HARMLESS as a source of the artisanal coconut water offered in connection with such trade dress.

79.    The HARMLESS Trade Dress is not functional and is inherently distinctive and/or has acquired distinctiveness.

80.    Defendant is using in commerce a trade dress which is nearly identical or confusingly similar to the HARMLESS Trade Dress in connection with coconut water which constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and likely has caused and is likely to continue to cause confusion, mistake, and/or deception as to the affiliation, connection or association of Defendant with HARMLESS; the

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-13-

Case No.                                                                                                                                                COMPLAINT

origin, sponsorship, or approval of Defendant or Defendant's products by HARMLESS; and/or the nature, characteristics, or qualities of Defendant's goods that bear the Infringing Trade Dress.

81.    The aforesaid acts constitute Federal Unfair Competition in violation of Title 15 U.S.C. § 1125(a).

82.    HARMLESS is being, and will continue to be, damaged by Defendant's acts of unfair competition in an amount to be determined at trial.

83.    Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

84.    As a result of Defendant's acts, Defendant has caused, and will continue to cause, irreparable harm to HARMLESS and to the goodwill associated with the HARMLESS Trade Dress, for which HARMLESS has no adequate remedy at law.  Thus, HARMLESS is entitled to injunctive and other relief.

### THIRD CLAIM FOR RELIEF
### COMMON LAW TRADE DRESS INFRINGEMENT UNDER CALIFORNIA LAW

85.    HARMLESS incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

86.    HARMLESS is the owner of common law rights in and to the HARMLESS Trade Dress, which is uniquely associated with HARMLESS as a source of artisanal organic coconut water offered in connection with the HARMLESS Trade Dress.

87.    The HARMLESS Trade Dress is not functional and is inherently distinctive and/or has acquired distinctiveness.

88.    HARMLESS has established goodwill associated with the HARMLESS Trade Dress and Defendant is trading upon HARMLESS' goodwill through unauthorized and unlicensed use of HARMLESS' common law trade dress rights in the HARMLESS Trade Dress.

89.    Defendant's intentional, unauthorized use of a trade dress, which is nearly identical or confusingly similar to the HARMLESS Trade Dress, in connection with the sale, offering for sale, distribution, or advertising of Coco Community coconut water is likely to cause confusion, or to cause mistake or to deceive, in violation of California common law.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-14-

90. Defendant's intentional, unauthorized use of a trade dress, which is nearly identical or confusingly similar in appearance to the HARMLESS Trade Dress, in connection with the promotion and/or sale of Coco Community coconut water constitutes infringement of HARMLESS' preexisting common law rights in the HARMLESS Trade Dress, which HARMLESS acquired in good faith.

91. Upon information and belief, by deliberately copying the HARMLESS Trade Dress, Defendant willfully, deliberately, maliciously, intentionally, knowingly, and in bad faith violated – and continues to violate – HARMLESS' common law trade dress rights.

92. As a result of Defendant's acts, Defendant has caused, and will continue to cause, irreparable harm to HARMLESS and to the goodwill associated with the HARMLESS Trade Dress, for which HARMLESS has no adequate remedy at law. Thus, HARMLESS is entitled to injunctive and other relief.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION UNDER CALIFORNIA LAW

93. HARMLESS incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

94. HARMLESS is the owner of common law rights in and to the HARMLESS Trade Dress, which is uniquely associated with HARMLESS as a source of artisanal organic coconut water offered in connection with the HARMLESS Trade Dress.

95. The HARMLESS Trade Dress is not functional and is inherently distinctive and/or has acquired distinctiveness.

96. HARMLESS has established goodwill associated with the HARMLESS Trade Dress and Defendant is trading upon HARMLESS' goodwill through unauthorized and unlicensed use of HARMLESS' common law trade dress rights in the HARMLESS Trade Dress.

97. Upon information and belief, Defendant has misappropriated the HARMLESS Trade Dress in order to exploit and trade off of HARMLESS' goodwill and reputation in the market.

98. Defendant's conduct, including as described above, has likely caused and will likely continue to cause mistake or confusion or to deceive as to the affiliation, connection, and/or association of Defendant with HARMLESS as to the origin, sponsorship, or approval of Coco

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-15-

Community coconut water or Defendant's commercial activities by HARMLESS, and/or as to the nature and quality of Defendant's infringing products, in violation of California common law.

99. Upon information and belief, Defendant's unfair and unlawful conduct, including as described above, is deliberate, knowing, and in willful disregard of HARMLESS' intellectual property rights.

100. Upon information and belief, Defendant's intentional and willful actions set forth above constitute unlawful "passing off" under California unfair competition common law.

101. Defendant's actions have caused and will continue to cause irreparable injury to HARMLESS and have resulted and will continue to result in unjust enrichment to Defendant unless Defendant is restrained and/or enjoined by this Court from further violations of HARMLESS' trade dress rights.

102. As a result of Defendant's acts, Defendant has caused, and will continue to cause, irreparable harm to HARMLESS and to the goodwill associated with the HARMLESS Trade Dress, for which HARMLESS has no adequate remedy at law. Thus, HARMLESS is entitled to injunctive and other relief.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 et seq.

103. HARMLESS incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

104. Defendant's use of the Infringing Trade Dress misleads consumers, by relying on false designations closely resembling the HARMLESS Trade Dress and passing off Defendant's goods as affiliated with HARMLESS, thereby likely causing confusion between the Infringing Trade Dress and the HARMLESS Trade Dress.

105. Defendant's unfair and unlawful conduct, including use of the Infringing Trade Dress, likely causes confusion and deceives purchasers (including distributors, buyers and end customers), and is likely to continue to cause confusion or deceive purchases, as to the affiliation, connection or association of Defendant with HARMLESS, the origin, sponsorship, or approval of Coco Community

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-16-

coconut water by HARMLESS, and/or the nature, characteristics, or qualities of Defendant's goods that bear the Infringing Trade Dress.

106.    Defendant's infringement of HARMLESS' intellectual property rights, as alleged herein, constitutes unlawful, unfair, fraudulent, unethical, oppressive and deceptive business practices under California Business & Professions  Code §§ 17200, *et seq*.

107.    Defendant's conduct, as alleged herein, violates and threatens to violate consumer protection laws, including trademark and trade dress laws, and the policy and spirit of such laws, and otherwise threatens or harms competition.

108.    Defendant's conduct, as alleged herein, is likely to continue to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.

109.    These acts will continue to deceive the public, unless enjoined.

110.    As a direct and proximate result of Defendant's unfair business practices as alleged herein, HARMLESS has lost money and property and suffered injury in fact, and will continue to suffer irreparable harm for which HARMLESS does not have an adequate remedy at law, and therefore, HARMLESS is entitled to injunctive and other relief.

## SIXTH CLAIM FOR RELIEF
## UNFAIR COMPETITION (PALMING OFF) UNDER CALIFORNIA COMMON LAW

111.    HARMLESS incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

112.    HARMLESS enjoys protectable rights in its Trade Dress.

113.    HARMLESS has used its HARMLESS Trade Dress in intra and interstate commerce in connection with the advertising and promotion of its goods and services.

114.    HARMLESS' use of its HARMLESS Trade Dress has achieved a secondary meaning and is recognized by the public as inextricably connected to HARMLESS.

115.    Defendant has used, and continues to use, colorable imitations of the HARMLESS Trade Dress in interstate commerce in connection with its sale, advertising, and promotion of products bearing the Infringing Trade Dress throughout the State of California.

-17-

Case No.                                                                                            COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

116. Upon information and belief, Defendant's unauthorized use of colorable imitations of the HARMLESS Trade Dress likely caused, and will likely cause, confusion in the relevant consumer market.

117. Upon information and belief, Defendant's unauthorized use of the Infringing Trade Dress constitutes false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, and has likely caused and is likely will continue to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendant's goods relative to HARMLESS' goods.

118. Defendant's imitation of the HARMLESS Trade Dress is nonfunctional and serves no purpose other than identification.

119. Upon information and belief, Defendant's false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

120. Defendant's actions constitute an unprivileged imitation in violation of California common law.

121. Upon information and belief, Defendant has acted in bad faith and/or willfully in adopting the Infringing Trade Dress in an effort to reap the benefits associated with HARMLESS' Trade Dress.

122. Defendant's infringing acts caused, and will continue to cause, HARMLESS to suffer irreparable injuries to its reputation and goodwill.  HARMLESS has no adequate remedy at law to recover for this harm, and therefore HARMLESS is entitled to injunctive relief.

///

///

///

///

///

///

///

-18-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HARMLESS HARVEST, INC. prays for the following relief:

a.      For an order that Defendant, its agents, servants, employees, attorneys and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully using the Infringing Trade Dress and any trade dress that is confusingly similar to HARMLESS' Trade Dress;

b.      For an order requiring Defendant to deliver for destruction any and all products or other physical items in Defendant's possession that infringe upon the HARMLESS Trade Dress;

c.      For an order requiring an accounting and that Defendant pay over to HARMLESS all monetary gains, profits, and advantages derived by Defendant from the acts complained of herein;

d.      For an order disgorging from Defendant all ill-gotten profits gained as a result of Defendant's acts of unfair competition;

e.      For damages incurred by HARMLESS, including enhanced damages (up to treble damages) as authorized under 15 U.S.C. § 1117;

f.      For punitive and exemplary damages to be determined by the Court after a full hearing on the merits;

g.      For HARMLESS' attorneys fees;

h.      For HARMLESS' costs in this suit;

i.      For prejudgment interest to the maximum extent recoverable by contract or law; and

j.      For such other relief as this Court may deem necessary or appropriate.

Dated:  June 23, 2016                    Respectfully submitted,


DENTONS US LLP

By:  _____/s/ Bonnie Lau_____
              BONNIE LAU

Counsel for Plaintiff
HARMLESS HARVEST, INC.

97108934

-19-

Case No.                                                                                    COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000